◼ In the Matter of the Claim of JAMES CURRY, Respondent, against NEW YORK CITY OMNIBUS CORP., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decision of Workmen's Compensation Board from a finding of causal relationship and timeliness of notice in a "heart case". While repairing the door of a bus on July 27, 1956, in the course of his employment, the claimant, 61 years of age, testified that the door was defective, the

brackets were stuck and that it required on his part working in an awkward position and additional effort which caused severe pain in his chest followed by perspiration and required him to stop work and rest; that after lunch he resumed working on the bus door and again experienced the same pain, followed by profuse perspiring and that it was necessary for him to leave his work. Upon arriving home, he went to bed. He was thereafter examined on August 6 by a doctor who ordered him to the hospital where his condition was diagnosed as an acute coronary occlusion with myocardial infarction. The carrier questioned the credibility of the claimant due to changes made in his doctor's report concerning the history of the occurrence and the circumstances surrounding his going to work on the morning of the accident. While carrier was justified in raising the issue, it being factual and supported by substantial evidence, the board's finding in favor of the claimant is final. As to the relationship and notice, the claimant's version as to the work he was doing, that he became ill and went home, was substantiated by his foreman. The board found that the medical testimony, while in dispute, established causal relationship. As to notice, the foreman knew of the claimant's condition and that he left work early and the record discloses a letter dated August 27, 1956 from the attending physician of the claimant to the board and the company as to the medical aspects of the case and its association with the happening of the accident on July 27. The record does not disclose a timely objection as to late notice by the carrier but in any event the appellant had notice within such reasonable time to sustain the finding of no prejudice. It has been called to the board's attention in *Matter of Buchanan* v. *Deposit Cent. School* (7 A D 2d 683, 684) that conclusory statements as to notice are not sufficient but proper findings stating the reasons for excusing compliance with section 18 are required. We are confronted here with a memorandum decision that "notice" among other requirements, was established and the finding that such failure was not prejudicial. The factual basis for such conclusions should be stated. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.